IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

EDITH L. GIBSON,

                  **Plaintiff,**

-vs-                                            Case No.
                                                HON.

**OXFORD COLLECTION AGENCY, INC.,
TRANS UNION CORPORATION**

                  **Defendants.**
_____/
LAW OFFICES OF BRIAN P. PARKER, P.C.
BRIAN P. PARKER (0980668)
Attorney for Plaintiff
30600 Telegraph Rd., Suite 1350
Bingham Farms, MI 48025
(248) 642-6268
(248) 642-8875 (FAX)
brianparker@collectionstopper.com
WWW.COLLECTIONSTOPPER.COM
_____/

## COMPLAINT AND DEMAND FOR JURY

Plaintiff **EDITH L. GIBSON,** (Plaintiff), by and through counsel, brings this action against the above listed Defendants, **OXFORD COLLECTION AGENCY, INC. (OXFORD), TRANS UNION CORPORATION,** (Defendant) on the grounds and in the amounts set forth herein:

### I. PRELIMINARY STATEMENT

Plaintiff brings this action for damages based upon the Defendants' violations of the Fair Credit Reporting Act (herein after referred to as FCRA, 15 U.S.C. 1681 *et. seq* and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq.* Plaintiff seeks statutory damages, actual damages, costs and attorney's fees.

## II. PARTIES

1.

The plaintiff is a natural person and consumer, a resident of Isabella County, State of Michigan, and a consumer as defined by 15 U.S.C. 1681a(c) and 15 U.S.C. 1692a(3)..

2.

The Defendant **OXFORD COLLECTION AGENCY, INC.** are a debt collector and foreign corporation located in the State of New York doing business in the state of Michigan and placing a negative trade line on Plaintiff's Trans Union credit report and maintaining it after being notified of a dispute investigation. Their resident agent is located in East Lansing, Ingham County, State of Michigan.

3.

The defendant, **TRANS UNION CORPORATION**, is a credit-reporting agency (CRA, Trans Union) as contemplated by the Fair Credit Reporting Act, ("FCRA") 15 U.S.C. § 1681 *et. seq* whose resident agent and address is located in East Lansing, Ingham County, State of Michigan.

## III. JURISDICTION AND VENUE

4.

This court has subject matter jurisdiction over this Complaint pursuant to the FCRA, 15 U.S.C. 1681 *et seq.*, 15 U.S.C. 1692 *et seq.*, 28 U.S.C. 1331 and 28 U.S.C. 1367.

## IV. STATUTORY STRUCTURE
## FAIR CREDIT REPORTING ACT

5.

The Fair Credit Reporting Act (FCRA), 15 U.S.C. 1681 *et seq.* was enacted to require the consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce

for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. 15 U.S.C. 1681(b).

6.

Under the FCRA, wherever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum accuracy of the information concerning the individual about whom the report relates. 15 U.S.C. 1681e(b).

7.

Under the FCRA, if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate free of charge and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of dispute from the consumer. 15 U.S.C. 1681i(a)(1).

8.

Under the FCRA, a person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or consciously avoids knowing that the information is inaccurate. 15 U.S.C. 1681s-2(a)(1)(A).

9.

Under the FCRA, a person shall not furnish information relating to a consumer to any consumer reporting agency if the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and the information is, in fact, inaccurate. 15 U.S.C. 1681s-2(a)(1)(B).

10.

Under the FCRA, a person who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate. 15 U.S.C. 1681s-2(a)(2).

11.

Under the FCRA, after receiving notice pursuant to 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis. 15 U.S. C. 1681s-2(b).

12.

Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; such amount of punitive

damages as the court may allow; and the costs of the action together with reasonable attorney's fees. 15 U.S.C. 1681n.

13.

Under the FCRA, any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure, the costs of the action together with reasonable attorney's fees. 15 U.S.C. 1681o.

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

14.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. 1692.

15.

Under the FDCPA, a consumer is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. 1692a(3).

16.

Under the FDCPA, debt means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. 1692a(5).

17.

Under the FDCPA, debt collector is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection

of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. 1692a(6).

18.

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. 1692e.

19.

A debt collector may not violate the FDCPA, 15 U.S.C. 1692f by using unfair or unconscionable means to collect or attempt to collect any debt. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, attorneys 'fees as determined by the Court and costs of this action. 15 U.S.C. 1692k.

## V. FACTUAL ALLEGATIONS

20.

Plaintiff pulled her credit report in November of 2011 while preparing to finance the purchase of a home. Trans Union and Oxford have placed a negative trade line based on an old Direct TV debt on Plaintiff's credit report. **Please see Exhibit 1**.

21.

Defendant, Oxford is attempting to collect and is reporting an alleged debt on Plaintiff's credit report in which Plaintiff does not owe. **Please see attached Exhibit No. 2.**

22.

The alleged Oxford debt is based on an old debt from Direct TV that was paid off by Plaintiff. **Please see Exhibit 3**. Plaintiff sent Trans Union and Oxford a dispute letter disputing

the debt on her credit reports. **Please see Exhibit 4 which is the Dispute Letter Plaintiff sent to the Defendants**.

23.

Even though the Defendants were sent proof of the debt being settled in full to another debt collector, CBCS, Trans Union and Oxford refused to remove the negative trade line from Plaintiff's credit report and verified the debt as correct pursuant to Oxford's instructions. **Please see Exhibit 5**.

24.

The Direct TV debt of $357.00 has caused Plaintiff damages as a result of the debt being on her credit when she does not owe the debt.

25.

Plaintiff's creditworthiness has been repeatedly compromised by the acts and omissions of the Defendants that have refused to eliminate the debt from Plaintiff's credit report.

26.

As a result of Defendants' wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FCRA. **Please see Exhibit 6**.

## VI. CAUSES OF ACTION
## COUNT I.
## NEGLIGENT VIOLATION FCRA CLAIM AGAINST DEFENDANT OXFORD

27.

Plaintiff incorporates the preceding allegations by reference.

28.

The information contained within Plaintiff's consumer report regarding the subject trade-

line is inaccurate. Defendant has willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comport with FCRA, 15 U.S.C. 1681s-2(b) by: failing to conduct a proper and reasonable investigation with respect to the disputed information; failing to review all relevant information provided by the consumer reporting agency regarding the dispute; failing to report the results of the investigation to the consumer reporting agency who gave notice of the dispute. **Please see Exhibit 5**.

29.

The presence of the inaccurate trade-line on Plaintiff's credit report after failing to perform a reasonable investigation of Plaintiff's dispute adversely effects Plaintiff's good name and credit-worthiness and is in violation of 15 U.S. C. 1681s-2(b).

30.

The appearance of the trade line was the direct and proximate result of Defendants placing specific information that is inaccurate on Plaintiff's credit reports in violation of 15 U.S.C. 1681s-2(a)(1)(B) and 15 U.S.C. 1681e.

31.

Defendants acted negligently in failing to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of 15 U.S.C. 1681s-2(b), 15 U.S.C. 1681e and 1681o.

## COUNT II.
## WILLFUL VIOLATION FCRA CLAIM AGAINST DEFENDANT OXFORD

32.

Plaintiff incorporates the preceding allegations by reference.

33.

With the dispute letter from Plaintiff in its possession, Defendants acted willfully and

knowingly in failing to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of 15 U.S.C. 1681s-2(b), 15 U.S.C. 1681e(b)and 1681n.

34.

Plaintiff suffered damages as a result the violation of the FCRA by Defendants.

35.

Plaintiff is entitled to recover actual, statutory, and punitive damages as a result of the violation of the FCRA by Defendant.

## COUNT III.
## CLAIM AGAINST DEFENDANT OXFORD UNDER THE FDCPA

36.

The defendants have violated the FDCPA, 15 U.S.C. 1692e (10) by the use of false representations and deceptive means in pursuing Plaintiff for a debt in which Plaintiff does not owe.

37.

Defendants have violated 15 U.S.C. 1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

38.

Defendants have violated the FDCPA, 15 U.S.C. 1692e(2)(A) by falsely representing the character, amount or legal status of any debt.

39.

Defendant Oxford has violated the FDCPA, 15 U.S.C. 1692f(1) by attempting to collect any amount that is not expressly authorized by the agreement creating the debt or permitted by law after Plaintiff sent a letter requesting proof Plaintiff owed the debt.

40.

As a result of Defendants' wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA.

41.

Plaintiff seeks judgment against the Defendant in whatever amount that Plaintiff is entitled to under the FDCPA.

## COUNT IV.
## NEGLIGENT VIOLATION CLAIM AGAINST DEFENDANT TRANS UNION

42.

Plaintiff incorporates the preceding allegations by reference.

43.

The information contained within Plaintiff's consumer report regarding the subject trade-line is inaccurate. Defendants have willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comport with FCRA, 15 U.S.C. 1681i by: failing to conduct an investigation with respect to the disputed information; failing to review all relevant information provided by the consumer regarding the dispute; failing to properly report the results of the investigation to the consumer who gave notice of the dispute and failing to place a notice of the consumers dispute on the trade line. **Please see Exhibit 5**.

44.

The presence of the inaccurate trade-line on Plaintiff's credit report after failing to perform a reasonable investigation of Plaintiff's dispute adversely effects Plaintiff's good name and credit-worthiness and is in violation of 15 U.S. C. 1681i.

45.

The appearance of the trade line was the direct and proximate result of Defendants

placing specific information that is inaccurate on Plaintiff's credit reports in violation of 15 U.S.C. 1681i and 15 U.S.C. 1681e(b).

46.

Defendants acted negligently in failing to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of 15 U.S.C. 1681i, 15 U.S.C. 1681e(b) and 1681o.

## COUNT V.
## WILLFUL VIOLATION CLAIM AGAINST DEFENDANT TRANS UNION

47.

Plaintiff incorporates the preceding allegations by reference.

48.

The information contained within Plaintiff's consumer report regarding the subject trade-line is inaccurate. Defendants have willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comport with FCRA, 15 U.S.C. 1681i by: failing to conduct an investigation with respect to the disputed information; failing to review all relevant information provided by the consumer regarding the dispute; failing to properly report the results of the investigation to the consumer who gave notice of the dispute and failing to place a notice of the consumers dispute on the trade line. **Please see Exhibit 5**.

49.

The presence of the inaccurate trade-line on Plaintiff's credit report after failing to perform a reasonable investigation of Plaintiff's dispute adversely effects Plaintiff's good name and credit-worthiness and is in violation of 15 U.S. C. 1681i.

50.

The appearance of the trade line was the direct and proximate result of Defendants

placing specific information that is inaccurate on Plaintiff's credit reports in violation of 15 U.S.C. 1681i and 15 U.S.C. 1681e(b).

51.

Defendants acted negligently in failing to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of 15 U.S.C. 1681i, 15 U.S.C. 1681e(b) and 1681n.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grants the following relief against the Defendant:

1. For compensatory damages and actual damages under the FDCPA and, FCRA ;
2. For statutory damages under the FDCPA and FCRA;
3. For attorney's fees and costs incurred in this action under the FCRA and FDCPA;
4. Actual damages under the FCRA and FDCPA:
5. For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.

This 19th day of April, 2011

                                      Respectfully submitted,

                                      s/Brian P. Parker

                                      BRIAN P. PARKER (P48617)
                                      Attorney for Plaintiff