**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

EDITH L. GIBSON,

    *Plaintiff*,   CASE NO. 11-CV-11698

*v*.   DISTRICT JUDGE THOMAS L. LUDINGTON
        MAGISTRATE JUDGE CHARLES E. BINDER

OXFORD COLLECTION AGENCY,
INC.,

    *Defendant*.
                                    /

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**PURSUANT TO RULE 41(b) OF THE**
**FEDERAL RULES OF CIVIL PROCEDURE**

**I.   RECOMMENDATION**

**IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**II.   REPORT**

    **A.   Background**

This case was referred to the undersigned magistrate judge for general case management on April 27, 2011. (Doc. 5.) The complaint was filed by counsel for Plaintiff on April 19, 2011, and service on Defendant Oxford Collection Agency ("Defendant Oxford") was accomplished on April 20, 2011. (Doc. 11.) On June 8, 2011, a Clerk's Entry of Default was issued as to Defendant

Oxford for failure to answer the complaint. (Doc. 13.) Since that date, Plaintiff has taken no further action against Defendant Oxford.[1]

On October 25, 2011, the court ordered Plaintiff to show cause by November 18, 2011, why the case against Defendant Oxford should not be dismissed for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Doc. 16.) Plaintiff did not respond to the show cause order.

**B.     Discussion**

Rule 41(b) of the Federal Rules of Civil Procedure gives a court the authority to dismiss a case if "the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." Fed. R. Civ. P. 41(b). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. American Telephone & Telegraph Co.,* 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)). When deciding whether to dismiss a case for want of prosecution, courts are guided by competing concerns:

> On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims. . . . On the other hand is the policy which favors disposition of cases on their merits.

*Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (citation omitted).

---

[1] A stipulated order of dismissal was obtained by another defendant on October 21, 2011. (Doc. 15.)

In this case, Plaintiff has failed to actively pursue the litigation initiated against Defendant Oxford and failed to respond to a court order. I therefore suggest that the court's need to manage its docket, the public's interest in the timely resolution of litigation, and the risk of prejudice from Plaintiff's failure to actively pursue his claims outweighs the policy favoring a disposition of the cases on its merits, and thus recommend that the case against Oxford be *sua sponte* dismissed for failure to prosecute.

### III.     REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit*

*Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                                  s/ *Charles E Binder*
                                                  CHARLES E. BINDER
Dated: December 9, 2011                  United States Magistrate Judge

## **CERTIFICATION**

     I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Brian Parker, and served on District Judge Ludington in the traditional manner.

Date:  December 9, 2011                 By     s/*Jean L. Broucek*
                                                    Case Manager to Magistrate Judge Binder